IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                                     CIV 06-529 MCA/CEG
                                                     CR 05-1657 MCA

JOSE SOCORRO HERNANDEZ-
CISNEROS,

        Defendant-Movant.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before the Court on Defendant's § 2255 motion, the United States's response, and Defendant's "reply," which I authorized him to file. *See Docs. 20, 22, 24.*[1] The Defendant, a Mexican citizen, pled guilty pursuant to a plea agreement on August 17, 2005 to Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony. *See Doc. 13*. He did not waive his right to appeal. *Id*. On January 19, 2006, the Defendant appeared before United States District Judge Armijo and was sentenced to thirty-seven months in prison. *See Doc. 18*. Five months later, he filed this § 2255 motion alleging that he was sentenced in excess of the maximum term authorized by 8 U.S.C. § 1326, and that his court appointed attorney was ineffective for: (i) informing him that he would receive an 18-24 month sentence, (ii) failing to object to his sentence enhancement based on his prior conviction, and (iii) informing him that he

---

[1] All document number references are to the criminal matter, *United States v. Hernandez-Cisneros*, *CR 05-1657 MCA*, unless otherwise noted.

could not appeal. *See Doc. 20* at 5-9.

Regarding the appeal allegation, the United States argued in its response that the allegation was "simply untrue." *See Doc 22* at 6. To support this contention, the United States attached the affidavit of the Defendant's attorney, Jerry A. Walz ("Mr. Walz"). Mr. Walz's affidavit, in relevant part, states:

> Defendant is also in error pursuant to his claim in Ground Three (b), which states that no appeal was taken as appointed counsel advised that he could not appeal. That is false. Defense counsel has appealed to the 10th Circuit numerous times as reflected by his record. Defense counsel never advised Defendant that he could not appeal. Rather, Defense Counsel properly informed Defendant that because the sentence was within an appropriate Guideline range, that it did not appear that any appeal to the 10th Circuit would have merit, and that such appeal would in all likelihood be futile. Defense counsel never said that he could not or would not file an appeal if so requested by Defendant.

*Affidavit of Jerry Walz* (*Doc. 22)* at 3. After the United States filed its response, Defendant filed an "Objection," stating that he did not receive a copy of Mr. Walz's affidavit. *See Doc. 23*. As such, the Court allowed him to file a reply and ensured that he received a copy of Mr. Walz's affidavit. *See Doc. 7 from CV 06-529*. The Defendant filed his reply, and, again, alleged that Mr. Walz informed him "that he could not appeal." *See Doc. 24* at 2.

"The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969). Because the issue of whether Defendant requested counsel to file a notice of appeal cannot be resolved on the present record, this Court is required to hold a hearing. *See United States v. Garret,* 402 F.3d 1262, 1267 (10th

Cir. 2005).

Wherefore,

    IT IS HEREBY RECOMMENDED THAT:

    1)  The Federal Public Defender be appointed to further represent the Defendant in this matter; and

    2)  upon entry of appearance, counsel for the Defendant and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE